COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Clyde Brian Bruton, Jr. v. The State of Texas

Appellate case numbers:    01-15-00115-CR

Trial court case numbers:   13CR1854

Trial court:                 405th District Court of Galveston County

On July 30, 2013, appellant, Clyde Brian Bruton, Jr., was indicted by a grand jury for the first-degree felony offense of possession with intent to deliver a controlled substance listed in Penalty Group 1, namely, cocaine, in an amount of four grams or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112(a), (d) (West Supp. 2014). On October 31, 2014, after appellant filed a *pro se* pauper's oath application with his request for the appointment of counsel, the trial court found appellant to be indigent and appointed Adam Brown as his trial counsel. On December 19, 2014, the trial court granted appellant's motion to substitute Terrence James Leonard II as his trial counsel, and permitted Mr. Brown to withdraw as counsel.

On January 12, 2015, after appellant was convicted following a jury trial, the jury assessed his punishment at twenty-seven years' confinement. *See* TEX. PENAL CODE ANN. §§ 12.32(a) (West Supp. 2014). The trial court certified appellant's right of appeal because this was not a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2)(B). On February 5, 2015, appellant, through counsel, timely filed a notice of appeal from the judgment of conviction by jury. *See id.* at 26.2(a)(1). Although appellant filed another *pro se* pauper's oath application with his request for the appointment of counsel on appeal on February 9, 2015, the trial court did not rule on that request. On May 12, 2015, after the reporter's record was filed, completing the appellate record, appellant's brief deadline was set for June 11, 2015. *See id.* at 38.8(a)(2).

On July 2, 2015, the Clerk of this Court notified appellant's counsel, Terrence James Leonard II, that a brief had not been timely filed and that if this Court did not receive appellant's brief or an extension motion within ten days of that notice, it may

order the trial court to conduct the late-brief abatement hearing required by Texas Rule of Appellate Procedure 38.8(b)(2). On July 13, 2015, appellant timely filed a ninety-day motion for extension of time, which was granted until September 11, 2015.

On September 8, 2015, appellant's counsel filed a motion to withdraw as appellate counsel. Counsel contends that, although appellant had been found indigent and appointed counsel for trial, Mr. Leonard had been retained for trial purposes only, does not handle appeals, and requests that this Court appoint new counsel for appellant.

An eligible indigent appellant has a right to have the trial court appoint counsel on direct appeal from a criminal conviction. *See Buntion v. Harmon*, 827 S.W.2d 945, 948-49 (Tex. Crim. App. 1992); *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(d)(1) (West Supp. 2014). A criminal defendant whom the trial court has determined to be indigent "is presumed indigent for the remainder of the proceedings in the case unless a material change in [his] financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). Because the clerk's record, filed on April 22, 2015, did not contain any order showing any evidence of change in appellant's financial circumstances or that Mr. Leonard was discharged by the trial court, he continues to represent appellant, whom we presume remains indigent. *See id.* at art. 26.04(j)(2).

Accordingly, we sua sponte **abate** this appeal and **remand** the case to the trial court to immediately conduct a hearing at which a representative of the Galveston County District Attorney's Office and appellant's counsel, Terrence James Leonard II, shall be present. *See* TEX. R. APP. P. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

The trial court shall have a court reporter record the hearing. We direct the trial court to:

1) Determine whether appellant wishes to prosecute this appeal;
2) If appellant does wish to prosecute this appeal, determine whether Terrence James Leonard II should be permitted to withdraw;
3) If counsel is permitted to withdraw, enter a written order relieving Terrence James Leonard II of his duties as appellant's counsel, including in the order

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On appellant's request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

the basis for the finding of good cause;

4) Determine whether appellant is currently indigent or whether there has been a material change in his financial circumstances since the trial court's October 31, 2014 order finding him to be indigent such that he is no longer indigent;

5) If appellant is either currently indigent or there has not been a material change in his financial circumstances, enter an order appointing substitute appellate counsel at no expense to appellant;

6) If appellant is not currently indigent and there has been a material change in his financial circumstances:

    a. Enter written findings of fact establishing the material change in appellant's financial circumstances;

    b. Admonish appellant regarding the dangers and disadvantages of self-representation, and

        i. determine whether appellant is knowingly and intelligently waiving his right to counsel;

        ii. find whether it would or would not be in the best interests of appellant and the State for him to proceed *pro se*; and

        iii. if so, obtain a written waiver of the right to counsel and provide appellant with a copy of a written order setting a date when appellant's *pro se* brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing; or

        iv. if appellant does not wish to proceed *pro se*, or if the trial court finds that self-representation would not be in the best interests of appellant and the State, provide a deadline by which appellant must hire an attorney, which must be no more than 30 days from the date of the hearing;

7) Make any other findings and recommendations the trial court deems appropriate; and

8) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), (f); 26.04(j)(2), (p) (West Supp. 2014); TEX. R. APP. P. 25.2(a)(2), (d), 38.8(b)(3); *Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g), 26.04(j)(2).

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations, and any orders issued pursuant to this hearing, with this Court no later than **30 days** from the date of this order. *See* TEX. R. APP. P. 34.5(c). The court reporter is directed to file the supplemental reporter's record

of the hearing no later than **30 days** from the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court no later than **30 days** from the date of this order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the supplemental reporter's record are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: /s/ <u>Laura Carter Higley</u>
                           ☒ Acting individually    ☐ Acting for the Court

Date: September 16, 2015